CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
JEANNETTE F. SWENT, Assistant United States Attorney (#6043)
185 South State Street, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 524-5682

AARON M. BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3164

FILED
U.S. DISTRICT COURT

2010 SEP -2 P 3: 17

DISTRICT OF UTAH

BY:_____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Civil No. 2:08-CV-0852-CW-SA |
| Plaintiff, | ) | |
| | ) | ~~UNITED STATES' PROPOSED~~ |
| v. | ) | **FINDINGS OF FACT AND** |
| | ) | **CONCLUSIONS OF LAW** |
| GAYLEN PALMER; LAUREL PALMER; | ) | |
| LVNV FUNDING, LLC; | ) | |
| FEDERATED FINANCIAL ADVANTA | ) | |
| BUSINESS CARDS; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The United States of America, through its undersigned counsel, pursuant to the Court's

Orders of August 17, 2010 [Rec. Docs. 63, 64], submits the following proposed Findings of Fact

and Conclusions of Law.

This matter is before the Court on the United States' Motion for Sanctions and/or Default

Judgment against defendants Gaylen Palmer, Laurel Palmer, and Motion for Default Judgment

against LVNV Funding, LLC, and Federated Financial Advanta Business Cards. The Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 and 1345 and Sections 7402(a) and

7403 of the Internal Revenue Code (26 U.S.C.). Having reviewed the United States' motions for

sanctions and/or default judgment, and all documents filed in support thereof, the Court makes

the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

**A. The Palmers' Liabilities and Litigation Conduct**

1.      The Internal Revenue Service ("IRS") assessed Gaylen Palmer and Laurel Palmer

with federal income taxes, various accuracy penalties, and Trust Fund Recovery penalties (26

U.S.C. § 6672), as follows:

**Gaylen Palmer:**

| TAX PERIOD | TAX TYPE | ASSESSMENT DATE | ASSESSMENTS (TYPE) | |
|---|---|---|---|---|
| 2001 | 1040 | 9/19/2005 | $ 15,136.91 | (Estimated Tax Penalty) |
| | | 9/19/2005 | $ 86,063.87 | (Late Filing Penalty) |
| | | 9/19/2005 | $382,506.08 | (Tax Assessed by Examination) |
| | | 9/19/2005 | $ 88,027.07 | (Interest Assessed) |
| | | 9/19/2005 | $ 80,326.28 | (Failure to Pay Tax Penalty) |
| | | 2/19/2007 | $      20.00 | (Collection Cost Fee) |
| | | 11/26/2007 | $ 15,300.24 | (Failure to Pay Tax Penalty) |

| TAX PERIOD | TAX TYPE | ASSESSMENT DATE | ASSESSMENTS (Type) | |
|---|---|---|---|---|
| 06/30/2000 | 6672 | 12/31/2007 | $5,909.27 | (Trust Fund Recovery Penalty) |
| 09/30/2000 | 6672 | 12/31/2007 | $6,197.24 | (Trust Fund Recovery Penalty) |
| 12/31/2000 | 6672 | 12/31/2007 | $6,515.05 | (Trust Fund Recovery Penalty) |

**Laurel Palmer**:

| TAX PERIOD | TAX TYPE | ASSESSMENT DATE | ASSESSMENTS (TYPE) | |
|---|---|---|---|---|
| 2003 | 1040 | 3/31/2008 | $11,659.00 | (Tax Assessed by Examination) |
| | | 3/31/2008 | $365.62 | (Other Penalty) |
| | | 3/31/2008 | $390.00 | (Failure to Pay Tax Penalty) |
| | | 3/31/2008 | $605.24 | (Interest Assessed) |
| 2004 | 1040 | 7/27/2009 | $11,865.00 | (Tax Assessed by Examination) |
| | | 7/27/2009 | $507.82 | (Other Penalty) |
| | | 7/27/2009 | $564.25 | (Failure to Pay Tax Penalty) |
| | | 7/27/2009 | $913.60 | (Interest Assessed) |
| 2006 | 1040 | 7/27/2009 | $12,338.00 | (Tax Assessed by Examination) |
| | | 7/27/2009 | $695.70 | (Other Penalty) |
| | | 7/27/2009 | $578.83 | (Interest Assessed) |
| | | 7/27/2009 | $432.88 | (Failure to Pay Tax Penalty) |

| TAX PERIOD | TAX TYPE | ASSESSMENT DATE | ASSESSMENTS (Type) | |
|---|---|---|---|---|
| 06/30/2000 | 6672 | 12/31/2007 | $5,909.27 | (Trust Fund Recovery Penalty) |
| 09/30/2000 | 6672 | 12/31/2007 | $6,197.24 | (Trust Fund Recovery Penalty) |
| 12/31/2000 | 6672 | 12/31/2007 | $6,515.05 | (Trust Fund Recovery Penalty) |

2.    A number of these assessments were made after the Palmers failed to file

self-reported returns. Declaration of Aaron M. Bailey in Support of Motion for

Sanctions/Default Judgment ("Bailey Decl.") at ¶¶4 & 5, Exs. B-C.

3.    Despite repeated notices of the outstanding tax liabilities and the IRS's intent to

levy against their property to collect amounts due, the Palmers continued, to ignore their

responsibility to file returns and pay taxes. Bailey Decl. at ¶6.

4.     On January 29, 2007, IRS filed a Notice of Federal Tax Lien with the Salt Lake County Recorder's Office. Bailey Decl. at ¶3, Ex. A.

5.     On November 4, 2008, the United States filed this action to reduce certain federal tax assessments to judgment and foreclose federal tax liens on certain residential real property located at 221 M Street, Salt Lake City, Utah 84103, more particularly described in the Complaint ("the subject property"). Bailey Decl. at ¶2.

6.     On July 9, 2009 the United States served written discovery on Gaylen Palmer requesting numerous documents believed to be in his or his agents' sole possession, as well as requesting the identification of witnesses and the location of other evidence. Bailey Decl. at ¶7, Ex. D.

7.     Gaylen Palmer failed to serve timely responses to the United States' Requests for Admissions. The United States requested immediate compliance with these requests under the Federal Rules of Civil Procedure on numerous occasions, by telephone and by correspondence, to no avail. Bailey Decl. at ¶8, Ex. E.

8.     On October 28, 2009 the United States filed a Motion to Compel responses to its discovery. (Rec. Doc. 33). Mr. Palmer subsequently provided a partial response to the United States' Requests for Production of Documents and its Interrogatories as well as untimely responses to Requests for Admissions. The United States' withdrew its Motion to Compel on the understanding that Mr. Palmer agreed to supplement his responses to the government's interrogatories and requests for production of documents. At no time did the United States consent to accept Mr. Palmer's late-served Admissions responses. Bailey Decl. at ¶9, Ex. F.

9.     The only documents initially provided by Gaylen Palmer in response to discovery

requests were certain stock-trade records. Mr. Palmer has failed to supplement his discovery responses that were the subject of the United States Motion to Compel, providing only partial banking records (statements from one of multiple accounts the Palmers are known to have maintained) which the United States had already acquired through IRS summonses prior to litigation, copies of which had already been produced by the government. Bailey Decl. at ¶10.

10. On February 17, 2010, the United States served written discovery requests upon Laurel Palmer, including Requests for Admissions and Interrogatories. To date, Mrs. Palmer has failed to respond to any written discovery. Bailey Decl. at ¶11, Ex. G.

11. On February 18, 2010, the United States noticed the depositions of Gaylen Palmer and Laurel Palmer for March 26 and March 25, 2010, respectively. The Palmers failed to attend their depositions. Bailey Decl. ¶12; (Motion for Discovery Sanctions, Rec. Doc. 47).

12. On the morning of his deposition, the Palmers' counsel advised counsel for the United States that Mr. Palmer alleged he was confused about the correct date of his deposition. The next day, the Palmers' counsel advised counsel for the United States that although Mrs. Palmer was available and in Salt Lake City, she refused to attend her deposition because Mr. Palmer insisted on being present and was currently unavailable because he was in Las Vegas, Nevada. Bailey Decl. at ¶13.

13. On March 31, 2010, the United States filed a second Motion to Compel and for Sanctions (Rec. Doc. 47) seeking an Order requiring the Palmers to attend their depositions and requiring Laurel Palmer to respond to the United States' interrogatories. Bailey Decl. at ¶14.

14. The Palmers failed to respond to the Motion to Compel and the Court granted the motion on April 14, 2010. The Order was amended, with the advised consent of the Palmers, on

April 23, 2010 (Rec. Doc. 52). The April 23 Order required the Palmers to attend their

depositions as noticed by the United States and required Mrs. Palmer to provide her responses to

the government's interrogatories within three days of entry of the Order. Id.

15.     On May 10, 2010, the United States, pursuant to the April 23 Order, again noticed

the depositions of Gaylen Palmer and Laurel Palmer for June 8 and June 9, 2010, respectively.

Bailey Decl. at ¶16, Ex. H.

16.     During the two weeks preceding the scheduled Palmer depositions, government

counsel repeatedly attempted to contact the Palmers' counsel by telephone and e-mail to verify

that they would be attending their depositions. Bailey Decl. at ¶17.

17.     Having no response to these inquiries as of June 1, 2010, government counsel sent

a letter to the Palmers' counsel requesting an explanation for the Palmer's continued failure to

properly supplement their discovery responses, as well as Mrs. Palmer's direct violation of the

April 23 Order's requirement of providing interrogatory responses, and advising that the United

States would seek sanctions in the form of a default judgment should the Palmers' continue to

disobey the Court's Orders and their basic obligations under the Federal Rules of Civil

Procedure. Bailey Decl. at ¶18, Ex. I.

18.     The Palmers failed to attend their duly noticed depositions as scheduled on June 8

and June 9, 2010. The Palmer's counsel advised the government on June 7 and June 8 that the

Palmers, though aware of the depositions and the Order, simply and without explanation, refused

to attend. Bailey Decl. at ¶19, Ex. J.

19.     As of this date Mrs. Palmer has failed to respond to the United States'

interrogatories, which were required by Order to be served nearly 60 days ago. Bailey Decl. at

6

¶20.

20.     Mrs. Palmer has never responded to the United States' requests for Admissions, which are deemed admitted pursuant to Fed. R. Civ. Pro. 36(a)(3). Bailey Decl. at ¶21.

21.     The United States filed a Second Amended Complaint on April 15, 2010 which added additional claims for the liabilities of Laurel Palmer (Rec. Doc. 50). Defendants Gaylen and Laurel Palmer have failed to file a responsive pleading to the Second Amended Complaint. Bailey Decl. at ¶22.

22.     Default has been entered against the Palmers. Bailey Decl. at ¶23.

23.     Calculated to June 30, 2010, the balance due for Gaylen Palmer's individual federal income tax liabilities for the 2001 tax year is $984,765.98. Declaration of Jennifer Graham in Support of Motion for Sanctions/Default Judgment (Graham Decl."), ¶6.

24.     Calculated to June 30, 2010, the balance due for Laurel Palmer's individual federal income tax liabilities for the 2003, 2004 and 2006 tax years is $13,040.62. Graham Decl., ¶7.

25.     Calculated to June 30, 2010, the balance due for Gaylen Palmer's Trust Fund Recovery Penalty tax liabilities for the Second, Third and Fourth Quarters of 2000 associated with Route 66 Radio, LLC is $21,065.73. Graham Decl., ¶8.

26.     Calculated to June 30, 2010, the balance due for Laurel Palmer's Trust Fund Recovery Penalty tax liabilities for the Second, Third and Fourth Quarters of 2000 associated with Route 66 Radio, LLC is $21,043.37. Graham Decl., ¶9.

**B. LVNV and Federated Financial and Lien Priority**

27.     The United States has filed a Notice of Federal Tax Lien with the Salt Lake

County pursuant to 26 U.S.C. § 6323(a) to make its liens against any and all real property owned by Gaylen Palmer including the subject property, effective against persons entitled to such notice. The Notice was filed on January 29, 2007. Bailey Dec., ¶3, Ex. A.

28.    On September 5, 2007, approximately 6 months after the United States filed its initial lien, LVNV Funding, LLC ("LVNV") filed a judgment lien against the subject property with the Recorder's Office of Salt Lake County in the amount of $9,857.34. Bailey Dec., ¶9.

29.    On January 17, 2008, almost one year after the United States filed its initial lien, Federated Financial Advanta Business Cards ("Federated") filed a judgment lien against the subject property with the Recorder's Office of Salt Lake County in the amount of $26,368.00. Bailey Dec., ¶10.

30.    LVNV and Advanta were named as a defendants in the Complaint solely to fulfill the requirements of 26 U.S.C. § 7403(b) that "[a]ll persons having liens upon or claiming any interest in the property involved in such action [to enforce a tax lien] shall be made parties thereto." Bailey Dec., ¶4.

40.    On December 30, 2008, the United States served Federated by serving a copy of the summons and complaint upon the individual appointed to accept service on behalf of the corporation's officers at its corporate headquarters. Rec. Docs. 10 & 26. Federated has failed to file a responsive pleading or otherwise appear in this matter. Bailey Dec., ¶5.

41.    On January 20, 2009, the United States served LVNV by serving a copy of the summons and complaint upon the individual appointed to accept service on behalf of the corporation. Rec. Docs. 15 & 25. LVNV has failed to file a responsive pleading or otherwise appear in this matter. Bailey Dec., ¶6.

42.    On April 10, 2009, the Court entered a default against LVNV. Rec. Doc. 27.
Bailey Dec., ¶7.

43.    On April 10, 2009, the Court entered a default against Federated. Rec. Doc. 28.
Bailey Dec., ¶8.

44.    On November 24, 2009, the United States, Zions First National Bank and
Washington Mutual Bank entered into a stipulation as to the priority of their liens attaching to
the subject property. (Rec. Doc. 41).

45.    The United States filed a Motion for Entry of Default Judgment against
defendants LVNV and Federated on June 22, 2010. (Rec. Doc. 55). No opposition to this motion
has been filed.

46.    On June 28, 2010, the Court entered a default against Laurel and Gaylen Palmer.
(Rec. Doc. 58).

47.    On June 29, 2010, the United States filed a Motion for Sanctions and Entry of
Default Judgment against defendants Laurel Palmer and Gaylen Palmer. (Rec. Docs. 59, 60). No
opposition to this Motion has been filed.


CONCLUSIONS OF LAW

A. Rule 37 Sanctions and Entry of Default Judgment

1.    Repeated avoidance of discovery obligations, including disobedience of a Court
Order directing a litigant to attend their properly noticed depositions are grounds for entry of a
default judgment pursuant to Rule 37 of the Federal Rules of Civil Procedure. Sieck v. Russo,
869 F.2d 131, 133 (2d Cir.1989).

2.    The most critical factor to be considered in case-dispositive sanctions is whether

"a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Valley Engineers v. Electric Engineering Co., 158 F.3d 1051, 1058 (9th Cir.1998). In this instance, the Palmers have "so damage[d] the integrity of the discovery process that there can never be assurance of proceeding on the true facts" and a case dispositive sanction [is] appropriate." Id.

3.    The Court finds that entry of default judgment is warranted in this matter after an analysis of the following factors: "(1) the degree of actual prejudice to the non-offending party, (2) the amount of interference with the judicial process caused by the offending party, (3) whether the court warned the offending party in advance that a default judgment would be a likely sanction for non-compliance, and (4) the efficacy of lesser sanctions." EBI Securities Corp. Inc. v. Net Command Tech, Inc., 85 Fed. Appx. 105, 108 (10th Cir. 2003)(unpublished) (citing Ehrenhaus v. Reynolds, 965 F.2d 916, 920-921 (10th Cir. 1992)). Here, each factor militates in favor of entering a default judgment.

4.    The Court finds that the prejudice to the United States caused by the Palmers' near total failure to comply with their discovery obligations is extreme. The United States has been deprived, *inter alia*, of the opportunity to examine the Palmers under oath, which would allow them to shape their future testimony to the detriment of the United States at trial or on summary judgment with impunity, as well as depriving the United States from potentially identifying additional witnesses or evidence material to this matter. Russo, 869 F.2d at 133.

5.    The Court finds that the Palmers' continued defiance of the tax laws and the rules governing this action is in direct contravention of the public interest in "a workable system of justice [which] requires that litigants not be free to appear [or participate] at their pleasure."

Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983).

6.       The Court finds the Palmers had adequate notice of the potential for entry of default judgment when they violated this Court's April 23, 2010 Order by refusing to respond to the United States' interrogatories (as to Mrs. Palmer) and failed to attend their duly noticed depositions for a second time. Counsel for the United States specifically advised the Palmers' counsel that it was the intention of the government to seek such sanctions should the Palmers fail to attend their depositions on the Court's Order.

7.       The Court finds that lesser sanctions would not effectively deter the Palmers. The Palmers' long history of flouting their legal obligations, including the Court's Orders in this matter, provides ample evidence that their lack of compliance is in bad faith or wilful. See, e.g., United States v. A&P Arora, Ltd., 46 F.3d 1152, 1995 WL 18276, at *2 (10th Cir. 1995).

8.       An assessment of taxes, when properly certified, is presumptively correct evidence of a taxpayer's liability and satisfies the Government's burden of proof so that the United States may rest its case. United States v. Janis, 428 U.S. 433, 440-441 (1976); Anderson v. United States, 561 F. 2d 162, 165 (8th Cir. 1977).

9.       A Certificate of Assessments and Payments is sufficient evidence that the assessments were made in the manner prescribed by 26 U.S.C. § 6203 and the accompanying regulations, and that it can therefore be relied upon in ruling on a motion for summary judgment. Long v. United States, 972 F.2d 1174, 1181 (10th Cir. 1992); United States v. Chila, 871 F.2d 1015 (11th Cir. 1989); United States v. Miller, 318 F.2d 637, 639 (7th Cir. 1963); United States v. Schaeffer, 84 A.F.T.R. 2d 99-5786 (Colo. 1999).

10.     Both the assessments of tax and the assessments of penalties for failure to file tax returns and make tax payments are entitled to a presumption of validity. See United States v. Dixon, 672 F.Supp. 503 (M.D. Ala. 1987), aff'd 849 F.2d 1478 (11th Cir. 1988).

11.     As the United States has submitted Certificate of Assessments and Payments for the liabilities at issue in this matter, its claim for reduction of those liabilities to judgment is adequately supported. Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir. 1992).

12.     Interest on the instant assessments have accrued, pursuant to 26 U.S.C. § 6621. With accruals computed and subsequent payments credit through June 30, 2010, Gaylen Palmer, individually, owes the United States $1,005,831.70. With accruals added and subsequent payments credited through June 30, 2010, Laurel Palmer, individually, owes the United States $34,083.99. Therefore, the United States is entitled to default judgment on its First Claim for relief against Gaylen Palmer in the amount of $1,005,831.70, plus interest and accruals from June 30, 2010, and against Laurel Palmer in the amount of $34,083.99, plus interest and accruals from June 30, 2010.

**B. Entry of Default Judgment Pursuant to Rule 55**

13.     The Court also finds that entry of default judgment against Gaylen Palmer, Laurel Palmer, LVNV Funding, LLC and Federated Financial Advanta Business Cards is merited pursuant to Rule 55 of the Federal Rules of Civil Procedure.

14.     Despite being properly served with the summons and Complaint, LVNV and Federated have not appeared or otherwise attempted to defend against the United States' claims in this matter as required by Rule 12(a)(1)(A).

15.     Despite being properly served, the Palmers have failed to respond to the

allegations of the Second Amended Complaint as required by Rule 15(a)(3).

16.     Default has been properly entered against all defendants pursuant to Rule 55(a).

17.     Once default has been entered, the party seeking affirmative relief may move for default judgment and the well-pleaded allegations in the complaint are taken as true. See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

18.     The plaintiff, however, must establish the relief to which it is entitled. See Pope v. United States, 323 U.S. 1 (1944) Fed. R. Civ. P. 55(b). The United States has satisfied its burden in this matter. In addition to the well-pleaded allegations of the Second Amended Complaint, the United States has presented the Court with Certificates of Assessments, Payments and Other Specified Matters which are proof of presumptively valid tax assessments. Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir. 1992).

19.     With respect to LVNV and Federated, Section 7403 authorizes the United States to enforce its tax liens by foreclosure sale even if a third party, along with the delinquent taxpayer, holds an interest in the encumbered real property. 26 U.S.C. § 7403; United States v. Rodgers, 461 U.S. 677, 699-700 (1983).

**C. Foreclosure of Federal Tax Liens Pursuant to 26 U.S.C. § 7403**

20.     Section 6321 of Title 26 of the United States Code provides that after assessment and notice and demand, a lien arises in favor of the United States in the amount of the assessment. The tax lien attaches to all property and rights to property of the taxpayer on the date the lien arises. 26 U.S.C. §§ 6321 and 6322.

21.     The tax lien under 26 U.S.C. § 6321 attaches to any property interest subsequently

acquired by the taxpayer while the lien is in force. Glass City Bank v. United States, 326 U.S. 265, 267-268 (1945).

22.     The tax lien continues in full force until the liability is paid in full or becomes unenforceable due to the lapse of time. 26 U.S.C. § 6322; United States v. Cache Valley Bank, 866 F.2d 1242, 1244 (10th Cir. 1989). A tax lien of the United States is perfected upon assessment and no further action need be taken. United States v. Vermont, 377 U.S. 351, 352 (1964).

23.     With respect to the subject property, the federal tax liens became valid as against subsequent purchasers, holders of security interests, mechanics lien creditors and judgment lien creditors under 26 U.S.C. § 6323(a) when Notices of Federal Tax Lien were recorded with the Clerk and Recorder for Salt Lake County, Utah. See 26 U.S.C. § 6323(a).

24.     26 U.S.C. § 7403 provides authority for this Court to order a judicial sale of the subject property to satisfy the unpaid tax liabilities and make "a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."

25.     All parties "having liens upon or claiming any interest in the property involved in such action" have been named as defendants to this action as required by subsection (b) of section 7403.

26.     While the Court has discretion in ordering a foreclosure, this discretion is to be applied "rigorously and sparingly" and is usually applied when there are non-liable co-owners of the subject property. United States v. Rodgers, 461 U.S. 677, 709-711(1983).

27.     Under the circumstances of this case, the delinquent taxes of both Gaylen Palmer

and Laurel Palmer are at issue and therefore the Rodgers factors are inapplicable. Rodgers, at 709.

28.     Therefore, because it has been shown above that the United States has valid and subsisting federal tax liens in the real property, and none of the Rodgers factors apply (both Mr. Palmer and Mrs. Palmer being liable for delinquent tax assessments), the United States is entitled to default judgment on its second claim for relief, foreclosure of the subject property.

Upon the foregoing Findings of Facts and Conclusions of Law it is hereby ORDERED that the United States' Motion for Default Judgment pursuant to Rules 37 and 55 of the Federal Rules of Civil Procedure is granted; it is further

ORDERED that judgment shall be entered in favor of the United States and against Defendant Gaylen Palmer for unpaid federal income taxes for the year 2001, in the amount of $984,765.98, plus accrued interest, penalties as provided by law from June 30, 2010; it is further

ORDERED that judgment shall be entered in favor of the United States and against Defendant Gaylen Palmer for unpaid Trust Fund Recovery Penalties for the Second, Third and Fourth Quarters of 2000 pertaining to Route 66 Radio LLC, in the amount of $21,065.73, plus interest and penalties as provided by law from June 30, 2010; it is further

ORDERED that judgment shall be entered in favor of the United States and against Defendant Laurel Palmer for unpaid federal income taxes for the years 2003, 2004, and 2006, in the amount of $13,040.62, plus accrued interest, penalties as provided by law from June 30, 2010; it is further

ORDERED that judgment shall be entered in favor of the United States and against Defendant Laurel Palmer for unpaid Trust Fund Recovery Penalties for the Second, Third and

Fourth Quarters of 2000 pertaining to Route 66 Radio LLC, in the amount of $21,043.37, plus

interest and penalties as provided by law from June 30, 2010; it is further

ORDERED that the United States has valid and subsisting federal tax liens, by virtue of

the assessments set forth above, on all property and rights to property of defendants Gaylen

Palmer and Laurel Palmer, both real and personal, tangible and intangible, including their

interest in the subject property; it is further

ORDERED that Judgment is entered by Default against Defendants LVNV Funding,

LLC and Federated Financial Advanta Business Cards. LVNV's and Federated's liens upon the

property are deemed released; it is further

ORDERED that the federal tax liens against Gaylen Palmer and Laurel Palmer

encumbering the subject property be foreclosed and said property be sold be sold pursuant to 26

U.S.C. Section 7403 and 28 U.S.C. Section 2001, and that the proceeds be distributed pursuant

to the Order of Foreclosure and Decree of Sale, to be entered by the Court.

Dated this __2d__ day of __September__, 2010.

BY THE COURT:

United States District Judge

Dated: August 27, 2010

Respectfully submitted,

CARLIE CHRISTENSEN
Acting United States Attorney

JEANNETTE F. SWENT
Assistant United States Attorney


/s/ Aaron M. Bailey
AARON M. BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3164
*Attorneys for the United States*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing was made this 27th day of August, 2010, by depositing a copy in the United States mail at Washington, D.C., postage paid addressed to the following:

Ryan West
Parson & West, P.C.
2150 South 1300 East, Suite 500
Salt Lake City, Utah 84106

/s/ Aaron M. Bailey
AARON M. BAILEY
Trial Attorney
U.S. Department of Justice